CITY OF BRIDGEPORT ET AL. *v.* FIRST NATIONAL BANK
AND TRUST COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 6—decided July 12, 1939.

*David Goldstein,* for the appellants (plaintiffs).

*James Kenneth Bradley,* for the appellee (defendant
Mary Goodwin).

AVERY, J. This action was brought to foreclose tax
liens. The material facts are these: Taxes have been
assessed and liens filed on the property in the name of
Samuel Finkelstein upon the lists of 1921, 1922 and
1923. On April 12, 1924, Finkelstein petitioned the
common council of the city of Bridgeport for an abate-
ment of these taxes. On April 21, 1924, this petition
was referred to the committee on claims where it re-
mained without further action until notice of hearing
was given on September 3, 1924. On September 15,
1924, the committee reported favorably on the petition

when the common council adopted a resolution abating the taxes. This resolution was approved by the mayor and all required steps were taken by the city authorities to abate the taxes. On May 1, 1924, during the pendency of the petition, Finkelstein died leaving surviving his widow, Ethel Finkelstein, and five minor children. On May 17, 1924, Finkelstein having died intestate his widow was duly appointed administratrix of the estate and guardian of the five minor children, the youngest of whom was a daughter of four years and the eldest a daughter of fifteen years. The inventory showed he left no estate except the real property against which the taxes had been assessed. The widow and children had the use of the premises from the date of his death until December 5, 1928, when the property was sold to the First National Bank and Trust Company of Bridgeport and, after the present action had been instituted, was sold to the defendant present Mary Goodwin on November 1, 1937.

The only question presented on this appeal is whether, Finkelstein having died after his application for an abatement had been made and before it had been finally acted upon by the city, his death pending the application automatically deprived the city council of power to grant the application. Section 1206 of the General Statutes provides: "The selectmen of towns, the mayor and aldermen of cities, the warden and burgesses of boroughs and the committees of other communities may abate the taxes assessed by their respective communities upon such persons as are poor and unable to pay the same, and shall present to each annual meeting of their respective communities a list of all persons whose taxes they have abated in the preceding year." This is an ancient statute which has existed in its present form for more than a hundred years. Revision of 1824, p. 409, § 12.

It is to be noted that the statute provides for the abatement of "taxes assessed" upon such persons as are poor and unable to pay the same. It is not questioned that Finkelstein was poor and unable to pay his taxes at the time when his application was made. It cannot be questioned also that under the circumstances of this case his widow was in the same position at the time that the application was granted and no change had occurred in the financial position of the family between the dates when the application was made and when it was granted. There is nothing in the statute which would require that the proceeding automatically abate upon the death of the applicant. In the practical application of relief the family is in many cases treated as a unit. After the death of Finkelstein the financial situation of his widow and children was no better and an abatement of the taxes was just as necessary as it would have been if he had survived until the application was granted. Moreover, his family received the benefit of the abatement, continuing to reside on the property and presumably receiving more upon its sale than would have been realized if it had been sold subject to the liens.

The applicant contends that a dead man cannot be considered a person, and cites cases to this effect. This contention, however, does not quite meet the point, which is whether, upon the death of the applicant, the application automatically abates. The phrase in the statute "upon such persons as are poor and unable to pay" modifies the verb "assessed"; the statute is not to be read as though it provided for an abatement of taxes in favor of a person who is poor; if the person against whom they are assessed comes within the terms of the statute, the taxes may properly be abated after his death in favor of his surviving family. To hold otherwise would not be consonant with the gen-

eral policy of our poor laws. The statute contains no requirement that the authorities shall act only upon petition; they could act without one; and hence that Finkelstein has died in no way invalidates the action of the council. Accordingly we hold that there was no error in the judgment.

There is no error.

In this opinion the other judges concurred.